[Crim. No. 12561.   Second Dist., Div. Five.   Mar. 2, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT TAYLOR STENCHEVER, Defendant and Appellant.

Albert Taylor Stenchever, in pro. per., and Joseph C. Battaglia, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Daniel J. Kremer, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—On April 7, 1966, by information, the appellant-defendant, Albert Taylor Stenchever, and a codefendant, William Stewart Brown, were charged in count 1 with violating Health and Safety Code section 11531, a felony (to unlawfully sell, furnish, or give away marijuana); and in count 2 of the same information, appellant-defendant and codefendant were charged with violating Health and Safety Code section 11530.5, a felony (unlawful possession for sale of marijuana). Each of the defendants was represented by private counsel at the time of appearance on April 7, 1966, the date of the arraignment. Plea was continued to April 12, 1966, and on that date the defendants and each of them appeared and entered a plea of not guilty to each of the counts. Jury was waived. The matter was set for trial May 2, 1966, and trial was held on that day. A stipulation was entered by the prosecution and the defense for submission of the case on the preliminary hearing transcript.

The record discloses that at the time of the stipulation to submit the case on the preliminary hearing transcript, a full and clear explanation was given to the defendants and each of them, and they acquiesced to this submission. In addition to the preliminary hearing transcript, it was further stipulated that either side might present further testimony if they so desired. Thereafter followed a statement by the deputy district attorney that the People moved to dismiss count 2 (the possession for sale count) in the interest of justice. This motion was granted. No additional testimony was presented by either side. The court thereupon stated that it had read the transcript of the preliminary hearing, and based thereon, found the defendants and each of them guilty as charged in count 1, count 2 having been dismissed. The matter was set over to May 24, 1966 for probation report and sentence. The appeal, filed May 31, 1966, is from the denial of a motion for a new trial and from the judgment and sentence which had been pronounced on May 24 of that year.

The facts of the case are these. On March 15, 1966, one Tusan, a Los Angeles police officer assigned to the narcotics division, observed Stenchever and Brown in the company of a person called Greer, a known and reliable contact. This was at the corner of Fifth and Main Streets in Los Angeles. Earlier that same day, Greer had advised Tusan that Stenchever and Brown had offered to sell marijuana to Greer. Tusan then drove his vehicle to that location and parked on the northeast corner of Fifth and Main, at which point Stenchever, Brown and Greer entered his vehicle. Leaving that location, with all parties in the automobile, Tusan was asked by Brown how much marijuana he (Tusan) wanted. Tusan answered: "I would like to get a can." The record establishes that a "can" is a known quantity of marijuana within the meaning known to the trade. Tusan testified that at that point "I asked the codefendant how much the can would cost and the codefendant Stenchever stated it would cost ten dollars."

Following this conversation, Brown left the vehicle for several minutes to obtain the marijuana while Tusan continued driving around the area. During this period of driving, Stenchever stated to Tusan that he and Brown had brought the marijuana into the state from Mexico by concealing it in their clothing. Shortly thereafter, Brown returned with a green, leafy substance resembling marijuana, contained in a plastic bag. Tusan stated to Brown and Stenchever that the contents did not make up a full can and that he would pay

but five dollars for the bag and its contents. Brown stated, "O.K." Tusan testified that "at this time Mr. Stenchever stated that he would go back to the hotel and get a second amount of marijuana which would make up a full can. At that time I gave Mr. Brown a five dollar bill of police money, of which I had previously recorded the serial number." Thereafter the police officer drove the two defendants to the area of 444 South Main Street, at which time Brown was observed to give a key to Stenchever. Stenchever then got out of the vehicle and proceeded to walk southbound on Main Street, and shortly thereafter he was taken into custody by two other officers. At the time this occurred, Tusan took Brown into custody.

Defendant contends that (1) he was ineffectively advised and unable to comprehend his constitutional rights to confrontation and cross-examination of adverse witnesses, and did not intentionally waive those rights; (2) that the statements made by defendant prior to his arrest and subsequent to his entering officer Tusan's vehicle were inadmissible under the rule of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]; and (3) that in the absence of admissions made by defendant to officer Tusan, there was not sufficient evidence to sustain a conviction for violation of Health and Safety Code section 11531.

It is argued that the defendant Brown was the only party to solicit the sale from officer Tusan; that Brown was the person who left the automobile, procured the marijuana, returned to the automobile with it, and in fact received the money for it; therefore, defendant Stenchever could not be guilty of that crime. However, there is sufficient evidence contained in the record to show that the two parties, Brown and Stenchever, were not only together, but, prior to the production and the sale, Stenchever took part in the negotiation for the sale. In fact, by the testimony of Tusan, it was the statement by Stenchever that established the price for the "can." In addition, there is the further act on the part of Stenchever when he left the vehicle following his statement that he would produce the lacking quantity of marijuana to make up the full can.

As the evidence clearly establishes, the defendant intended to do that which he stated he would do (go back to the hotel and get a second amount of marijuana which would make up a full can) and left the car to accomplish. This establishes defendant's offer to sell, furnish, or give away marijuana.

Defendant urges that *People* v. *Jackson,* 59 Cal.2d 468, 469-470 [30 Cal.Rptr. 329, 381 P.2d 1] and *People* v. *Brown,* 55 Cal.2d 64, 68 [9 Cal.Rptr. 816, 357 P.2d 1072] require that the offer be accompanied by a specific intent to sell a narcotic. With this we agree. The *Brown* case held that the evidence of intent to supply a narcotic was sufficiently established where defendant Brown offered to get heroin for the officer, accepted money therefor, left ostensibly to obtain it, and explained his failure to return therewith by claim that the " 'police rousted him and he had to get rid of it.' "

General experience teaches that when a person makes an offer and that offer is accepted, the person offering intends that which he offered. It is equally logical that such intent to perform the offer is present where an associate fails to fully perform and the offer then is to complete the bargain, as is the case here. We conclude that the correct interpretation of *People* v. *Jackson, supra,* is solely that an instruction which takes from the consideration of the jury a necessary element of the crime charged is erroneous. *Jackson* does not say that upon the facts therein the jury could not have concluded that defendant intended to produce the narcotic he had offered to furnish. It does say that such intent must be established in the evidence as a part of the crime under section 11501, Health and Safety Code. The offer to sell a narcotic with intent not to perform is "bunco." In the *Jackson* case, the Supreme Court stated (p. 470): "The jury could reasonably conclude from this evidence that defendant's offer to sell narcotics was made without the intent to perform." This is a far cry from saying that the jury could not find that defendant *did* intend to furnish exactly what defendant offered to furnish under the evidence, it being one reasonable conclusion that a person intended to do that which he bargained to do.

In *People* v. *Brown, supra,* 55 Cal.2d 64, 68, it was held that "a specific intent to sell a narcotic is an essential element of the crime of offering to make such a sale under section 11501." Proof of consideration moving to defendant is not required. (*People* v. *Hutcherson,* 197 Cal.App.2d 771, 779 [17 Cal.Rptr. 636].) Delivery is not an essential element. (*People* v. *Brown, supra; People* v. *May,* 224 Cal.App.2d 436, 439 [36 Cal.Rptr. 715]; *People* v. *Shepherd,* 200 Cal.App.2d 306 [19 Cal.Rptr. 234]; *People* v. *Blake,* 179 Cal.App.2d 246 [3 Cal.Rptr. 749].) The distinction between offer to sell and sale is apparent; to sell, possession must be either actual or constructive. (*People* v. *Richardson,* 152 Cal.App.2d 310, 315-

316 [313 P.2d 651]; *People* v. *White,* 50 Cal.2d 428, 431 [325 P.2d 985].)

The inference of intent to do that which a person offers to do may be reasonably drawn from the language of such an offer. Its acceptance, plus any other corroborating circumstances which may exist, gives further credence to the element of "intent." Such inference, together with other evidence, if any, goes to establish that portion of the corpus delicti of the crime. *People* v. *Monteverde,* 236 Cal.App.2d 630, 638 [46 Cal.Rptr. 206] : " [F]rom the direct evidence of the conversations an inference was properly deducible as to the intent with which the offer was made, namely, the intent to sell. . . . [T]he fact that this intention was not carried out, and that the sale was not effectuated, does not militate against the warranted conclusion of the jury."

There appears no reason to depart from common sense merely because the offer involves the furnishing of an unlawful material, i.e., marijuana.

We do not accept the contention that the statement by Stenchever to the effect that he would go back to the apartment and get a second amount of marijuana, and his act to that end, were after the commission of the crime and "the investigation had been focused upon the particular defendants," and Stenchever was at that time entitled to be advised of his constitutional rights. Such is not the case under the set of circumstances before us, for this was in fact one continuing act of sale within which both of the defendants participated equally. It being admitted that their constitutional rights were explained to defendants following their being taken into custody, this objection is without merit, for certainly during the commission of the offense itself, there was no obligation on the part of the police officer to inform the defendants of constitutional guarantees.

We find that all of the elements required for the violation of section 11531 of the Health and Safety Code were established by the offer to sell, the sale, and the delivery of the marijuana in question, and that both defendants participated equally. Thus the evidence amply sustains the conviction. The rule of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] is not involved here, for, as noted, the statements made by defendant were in the continuing course of criminal activity. It may have been possible to charge defendant with the sale of the one-half can of marijuana at the time of its delivery to Tusan by codefendant, but the *Miranda* rule does

not require the police to instruct a defendant on constitutional rights short of that defendant's proceeding to the end of his criminal activity.

This leaves one question, then, to be answered. Did the defendant effectively and knowledgeably waive his rights to confrontation and cross-examination of adverse witnesses at the time he stipulated to submission of the case upon the preliminary hearing transcript?

The evidence clearly establishes that the defendants and each of them knowledgeably waived their rights to confrontation (*Brookhart* v. *Janis*, 384 U.S. 1, 4 [16 L.Ed.2d 314, 86 S.Ct. 1285]) ; further, that they were represented by private counsel who was able and knowledgeable as to the results. (Cf. *People* v. *Kirchner*, 233 Cal.App.2d 83, 89 [43 Cal.Rptr. 218] ; *In re Rose*, 62 Cal.2d 384 [42 Cal.Rptr. 236, 398 P.2d 428]), and that at the time of the preliminary hearing there had been in fact cross-examination of the witnesses produced against the defendants. Further, at the preliminary hearing there was sustained an objection to a quantity of evidentiary matter. This ruling, favorable to defendant, brought about the necessity to dismiss count 2 of the information.

By submitting his case for trial upon the preliminary hearing transcript, the defendant forewent only the opportunity to recross-examine the witnesses theretofore produced against him at the time of the preliminary hearing. This practice has been approved in *People* v. *Andrews*, 234 Cal.App.2d 69, 79 [44 Cal.Rptr. 94] and in *People* v. *Dessauer*, 38 Cal.2d 547, 552 [241 P.2d 238]. In the *Dessauer* case, the court stated: ''The right to be confronted by witnesses, whether assured by Constitution or statute, may be waived, and a trial may be had on the transcript of the evidence taken at the preliminary hearing on stipulation by defendant and his counsel [Citation], or by the latter's stipulation, at least when made in defendant's presence [Citations].'' (See also *People* v. *Banks*, 242 Cal.App.2d 373 [51 Cal.Rptr. 398] ; *People* v. *Dozier*, 236 Cal.App.2d 94, 104 [45 Cal.Rptr. 770] ; *People* v. *Dinkins*, 242 Cal.App.2d 892 [52 Cal.Rptr. 134].)

This case is truly the type referred to in *Pointer* v. *Texas*, 380 U.S. 400, 407 [13 L.Ed.2d 923, 85 S.Ct. 1065], where Mr. Justice Black wrote for the court: ''The case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine.''

The judgment is affirmed. A purported appeal from the order of denial of a new trial is dismissed.

Kaus, P. J., and Hufstedler, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1967.