JAMES PETTIT *v.* STATE OF INDIANA.

[No. 871S238. Filed April 27, 1972.]

*John R. Brant, II,* Public Defender, *Harlan, Schussler & Keller,* of counsel, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by indictment in two counts: Count 1. Sale of heroin and Count 2. Possession of heroin. Trial by jury resulted in a verdict of guilty as charged in Count 1. Appellant was fined $2,000 and costs and sentenced to the Indiana State Prison for not less than five years nor more than twenty years.

The record reveals the following facts:

State's Witness Wood testified that he had purchased two glassene envelopes containing a white powder from the appellant for $20. He testified that he dissolved the powder in water with the use of a "cooker" then placed it into a syringe, after which he and his wife injected it into their veins. He stated that he got high the same as he had on "thousands" of previous occasions. He stated that he had been using heroin since February, 1968; that the substance he purchased from the appellant and injected into his body had the same effect upon him as previous injections of heroin. He stated that he had made purchases of a white powder on previous occasions from the appellant, the injection of which had the same effect.

Appellant claims the trial court erred in permitting the Witness Wood to give his opinion to the effect that the substance which he purchased from the appellant was heroin. With this we do not agree. The question whether a witness is qualified to testify as an expert is within the sound discretion of the trial court. The ruling of such court will not be disturbed unless there is manifest abuse of such discretion. *Patterson* v. *State* (1970), 255 Ind. 22, 262 N. E. 2d 520, 23 Ind. Dec. 67. We hold that a narcotic addict may

be properly qualified by reason of his past experience to give an opinion that a given substance which he has injected into his body contained a narcotic drug with which he has demonstrated familiarity. See *Slettvet* v. *State* (1972), 258 Ind. 312. The trial court did not abuse its discretion in allowing the Witness Wood to give his opinion as to the nature of the substance which he had purchased from the appellant.

Appellant next argues that even if the testimony by the Witness Wood is admissible, such testimony does not constitute sufficient evidence to establish that the substance sold was heroin. In reviewing this question this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look only to that evidence which supports the findings of the trial court. If there is any evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt the conviction will be affirmed. *Patterson* v. *State, supra.*

In the case at bar the Witness Wood told the jury of his experience in the use of heroin and stated his opinion that he had purchased heroin from the appellant. It was within the province of the jury to believe or disbelieve the testimony of the witness and to weigh that testimony in determining whether or not the appellant had in fact sold heroin to the witness. There is evidence in this record from which the jury could reasonably and logically arrive at that conclusion.

We, therefore, affirm the trial court.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 807.