KEITH PRYOR *v.* STATE OF INDIANA.

[No. 573S90. Filed May 18, 1973.]

David J. Colman, of Bloomington, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

## ON PETITION TO TRANSFER

ARTERBURN, C.J.—This case comes before us on petition to transfer from the Court of Appeals, which petition is granted and the appeal is transferred to this court.

Defendant-appellant Keith Pryor was tried and convicted, in one proceeding, for the offenses of possessing, IC 1971,

16-6-8-3 (c) [*Burns' Ind. Stat. Ann.* § 35-3333 (c) (1972 Supp.]), and selling, IC 1971, 16-6-8-3 (a) [*Burns' Ind. Stat. Ann.* § 35-3333 (a) (1972 Supp.)] dangerous drugs. Since these two convictions arise from substantially unrelated factual situations, they will be dealt with separately; however, both may be disposed of by inquiring into the sufficiency of the evidence. When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor determine the credibility of witnesses. *Dunn* v. *State* (1973), 260 Ind. 142, 293 N. E. 2d 32; *Lee* v. *State* (1972), 259 Ind. 301, 286 N. E. 2d 840. Only that evidence most favorable to the appellee and all reasonable inferences to be drawn therefrom will be considered. *Id.* If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Id.*

## POSSESSION

Defendant was charged with having smoked, and thereby possessed, marijuana on the night of September 27, 1971. The witness Coones testified that he observed the defendant "smoking" on the night in question. The only evidence that the substance being smoked was, in fact, marijuana was the testimony of witnesses Coones and Mosier.

> "[W]hen the drugs themselves are not placed into evidence and there is no expert testimony based on a chemical analysis, then there must be testimony of someone sufficiently experienced with the drug indicating that the substance was indeed a dangerous drug."

*Slettvet* v. *State* (1972), 258 Ind. 312, 316, 280 N. E. 2d 806, 808; See also *Petit* v. *State* (1972), 258 Ind. 409, 410, 281 N. E. 2d 807, 808.

The evidence in this case indicated that appellant and his brother, Rodney Pryor, Steve Mosier and Tom Coones gathered in the living room of Coone's residence on September 27, 1971. Mosier testified that they sat on the floor, smoked marijuana and listened to records. The record further shows

that Coones became slightly intoxicated from marijuana. Mosier agreed with Coones and stated that they "got stoned" from smoking joints and a pipe that evening. Coones, as a hostile witness to the state, testified that the appellant also smoked marijuana with them.

The evidence further shows that both Coones and Mosier had been previously convicted of the sale of dangerous drugs and had trafficked in marijuana, had handled it, used it, and therefore, possessed sufficient familiarity with the drug to identify it, at least while it was being used. From this we conclude that there is sufficient evidence to support the jury's verdict for possession of a dangerous drug by appellant, Keith Pryor. *Id.*

### SALE

On October 5, 1971, William R. Hughey, a secret government agent, contracted with Rodney Pryor, Coones and Mosier for the purchase of a bag of marijuana, which Keith Pryor, a bystander to the transaction so far as the evidence shows, described at the time as "good weed." Unbeknownst to Hughey, however, the vendors were aware of the fact that they were dealing with an undercover agent when the contract was entered; and, instead of supplying marijuana, they delivered ragweed. As a result of this sale, appellant-Keith Pryor was tried and convicted for selling dangerous drugs. IC 1971, 16-6-8-2(h) [*Burns' Ind. Stat. Ann.* § 35-3332(h) (1972 Supp.)] defines a punishable sale of dangerous drugs as:

> "any and every sale and includes . . . (2) exposure, offer or any other proffer, *whether or not the offeror has the present ability or capability to complete said transaction by delivering dangerous drugs . . .*" (emphasis added).

A literal interpretation of that definition would mean that the statute is violated when the offer is made, subsequent events notwithstanding.

Defense counsel invites this court to consider the significance of delivering ragweed instead of marijuana in the

determination of whether there was a *criminal offer with intent to sell* marijuana. See *Shanks v. Commonwealth* (Ky. 1971), 463 S. W. 2d 312; *People v. Jackson* (1963), 59 Cal. 2d 468, 30 Cal. Rptr. 329, 381 P. 2d 1; *People v. Brown* (1960), 55 Cal. 2d 64, 9 Cal. Rptr. 816, 357 P. 2d 1072. In passing, we simply observe that the failure to make any delivery would not be decisive of whether an offer was made in violation of the statute. See *eg. People v. Brown* (1960), 55 Cal. 2d 64, 9 Cal. Rptr. 816, 357 P. 2d 1072; *People v. Stenchever* (1967), 249 Cal. App. 2d 74, 57 Cal. Rptr. 14; *People v. May* (1964), 224 Cal. App. 2d 436, 36 Cal. Rptr. 715. We need not meet this issue directly for the reason that, in our opinion, the evidence is insufficient to find either a criminal offer or sale by appellant-Keith Pryor, and the appeal may be decided upon that ground alone. *cf. Passwater v. Winn* (1967), 248 Ind. 404, 406, 229 N. E. 2d 622, 623; *Hammond City Court v. State ex rel. Hofbauer* (1965), 247 Ind. 300, 304, 208 N. E. 2d 682, 684; *East Lake Lot Owners Ass'n, Inc. v. Town of Prince's Lakes Indiana* (1965), 246 Ind. 333, 205 N. E. 2d 821.

The only evidence of Pryor's participation in the entire transaction is that he smoked marijuana when the parties were gathered at the home of Tom Coones. A few days later, at the first meeting of the undercover agent with the parties offering to make the sale, Keith Pryor approached the officers car, stood by it, and made the statement, paraphrased in Officer Hughey's testimony: "that the grass was of very high quality—that he had tried it and sampled it." This remark, in substance, was repeated on another occasion under similar circumstances.

In construing legislation, this Court must employ a reasonable interpretation of statutory language as a means of discovering the legislature's true goals. It cannot be presumed that our lawmakers expect their enactments to be applied in an illogical or absurd manner. *Jackson v. Barnhill* (1972), 257 Ind. 588, 591, 277 N. E. 2d 162, 164;

*Moore* v. *State* (1972), 257 Ind. 584, 276 N. E. 2d 840, 842; *Marks* v. *State* (1942), 220 Ind. 9, 19, 40 N. E. 2d 108, 111. We do not think that a bystander commenting upon the quality of goods offered for sale, without performing any further actions or making any further statements at the time, is making an offer under the statute. Compare *People* v. *Stenchever* (1967), 249 Cal. App. 2d 74, 57 Cal. Rptr. 14.

The only other evidence that connects Keith Pryor with the offer for sale is the testimony that he was the driver of the car that transported those making the sale to the rendezvous where *the delivery* of ragwood and the collection of ten dollars by another party from agent Hughey occurred. That particular act was not an offer, and was certainly not a sale of dangerous drugs by Keith Pryor, the defendant in this case.

The judgment of the trial court is affirmed as it relates to Possession of a Dangerous Drug, Cause number S71-S730, and reversed as it relates to Sale of a Dangerous Drug, Cause number S71-S644. Since it is clear that no evidential deficiencies could be cured by a retrial, the trial court is further directed to discharge the defendant for the offense of selling marijuana, Cause number S71-S644. *Dunn* v. *State* (1973), 260 Ind. 142, 293 N. E. 2d 32, 35; *Banks* v. *State* (1971), 257 Ind. 530, 539, 276 N. E. 2d 155, 160; *Manlove* v. *State* (1968), 250 Ind. 70, 84, 232 N. E. 2d 874, 882.

All Justices concur.

NOTE.—Reported in 296 N. E. 2d 125.