Kenneth BRADY, Appellant,

v.

STATE of Indiana, Appellee.

No. 180S10.

Supreme Court of Indiana.

March 18, 1981.

Robert Graves, Marion, for appellant.

Linley E. Pearson, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Brady was convicted in a trial by jury of the offense of robbery while armed pursuant to Ind.Code § 35–42–5–1, and received a sentence of imprisonment of ten years. He was also convicted at the same time of the offense of resisting law enforcement pursuant to Ind.Code § 35–44–3–3(1), and received a sentence of four years such sentence to run consecutively with the robbery sentence.

Appellant contends in this appeal as follows:

(1) The evidence is insufficient to support his conviction for armed robbery.

(2) The evidence is insufficient to support his conviction for resisting law enforcement.

(3) The verdict of guilty of resisting law enforcement is inconsistent with the verdict of not guilty rendered on a charge of attempted murder.

It is apparent on the face of this record that this appeal does not satisfy the jurisdictional prerequisites of Ind.R.App.P. 4(A)(7) in that there has been no single sentence imposed here having a minimum greater than ten years. *Menefee v. State,* 417 N.E.2d 302 (Ind.1981). We do however exercise our inherent judicial authority and retain this case for disposition on the merits in light of the passage of time during which it had pended in this Court.

Appellant was charged with the perpetration of an armed robbery of the Miller's Liquor Store on February 10, 1979, at 10:00 p. m., in Grant County, Indiana. He contends that the evidence serving to identify him as the perpetrator of the offense was insufficient. In determining this question we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed, if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The case for the prosecution came from civilian witnesses who observed the robbery from within and without the liquor store and police officers of the city of Marion and deputy sheriffs of Grant County who pursued the robbers as they made their escape. Three men entered the liquor store, each armed with a shotgun, and took about two hundred dollars from the register in the presence of the clerk in attendance. Two of the men wore ski masks. The third man wore no mask, but was not appellant. The men were observed going into the store carrying weapons and green trash bags by a customer who had just left the store and had entered his car. This customer observed the robbery take place and saw the men run out of the store and around the side of the building. They then saw a car exit an alley at the rear of the store. They described this car in an immediate report to the police as a 1974 or 1975 Monte Carlo, fairly new, with a white top and red bottom.

Within minutes a car described by police officers as a 1973 or 1974 Monte Carlo, red top and white bottom, was seen by a Marion city police unit, and this unit began to follow the car which was proceeding

through the street within the speed limit at about thirty miles per hour. The Monte Carlo then speeded up, and the unit, with siren and warning lights on, proceeded to chase the car for about nine blocks.

A unit of the Grant County Sheriff's department, driven by Lt. Norton was positioned at the end of an alley, although not blocking the alley, down which the Monte Carlo was being pursued by the city police. Norton got out of the car, armed with a rifle, and stood at the end of the alley, as the car, about forty yards away, proceeded towards him at a rate of about fifteen to twenty miles per hour. The intersection of this alley with the street on which the sheriff's car was stopped was illuminated by a bright city street light. Norton aimed his rifle at the driver and yelled for the car to stop. As the car proceeded on towards him, he stepped back and the car swerved over at him. At this point Norton slipped and fell and at almost the same instant a shotgun blast came from the car, but did not strike him. The car narrowly missed hitting him, as did the following police car as it continued the chase through the intersection. Norton and another deputy fired at the car striking it and knocking a large hole in the rear window.

The pursuit continued, and one man in the car climbed out of the rear window while it was moving and made his escape. The car came to a stop shortly thereafter and two men exited the passenger side. One man was shot in the hip and fell outside the car. The second man successfully made his escape on foot. Beside the fallen man, who was one Clifford Larry, there was a shotgun, a ski mask, a green trash bag containing more than two hundred dollars and checks from the Miller Liquor Store.

Norton testified that he aimed his rifle at the driver of the car as he yelled, "halt". He further testified in court that the driver of the car was appellant Kenneth Brady, and that he was able to see him and had no doubt about his recognition of Brady because his attention was focused upon the driver, the area was illuminated by the street light, and the car came very close to him.

Appellant argues that the discrepancy between the description of the get away car with regard to its top and bottom colors given by the civilian witnesses and the police officers, and the fact that the car did not speed away from the liquor store area, coupled with the absence of testimony of persons at the liquor store identifying appellant serves to illustrate the insufficiency of evidence. These were weak elements of the State's proof, unfavorable to the verdict, and were for consideration by the trier of fact. Their presence does not render the evidence insufficient on appeal.

Appellant argues that there was no physical evidence admitted at trial connecting him to the robbery. This assertion is true; however, there was parol evidence describing the car, money, checks, ski mask, and shotguns. The failure of the prosecution to present the physical evidence which was described by the witnesses weakened the State's case, but did not render the verbal descriptions insufficient to engender belief in their existence and use to a certainty beyond a reasonable doubt. *Pettit v. State*, (1972) 258 Ind. 409, 281 N.E.2d 807.

Appellant argues that a pre-trial statement given by a prosecution witness, one Cox, which was used by the State to refresh his recollection or impeach him was either not substantive evidence, or if properly considered substantive evidence was so contradictory as to be unworthy of belief. In arriving at our assessment of the State's proof of guilty in this appeal, we find it unnecessary to include this statement within the evidence favorable to the verdict reached, and therefore do not give consideration to it.

Upon consideration of the evidence of guilt stated in the narration above, we conclude that the jury was warranted in concluding from it beyond a reasonable doubt that appellant was one of the men who entered the Miller Liquor Store and took money at gun point. The jury could have so inferred from the perpetration of the crime by three men, the presence of three men in the Monte Carlo, the events com-

prising the robbery, the flight from the scene and the recovery of the stolen items and guns from the car, and the testimony of Norton that he recognized appellant as the driver of the Monte Carlo.

 Appellant also contends that the evidence of guilt was insufficient to warrant his conviction of resisting law enforcement. He was charged with having drawn or used a deadly weapon in resisting Deputy Norton. He contends that absent proof that he discharged the shotgun from the car the evidence of guilt cannot be sufficient. The jury was justified in believing that appellant was the driver of the Monte Carlo and with the two other men intended to make their escape through the use of means then available to them. The window of the car was rolled down and the muzzle of the shotgun was stuck out of it and one of the men fired as the car driven by appellant swerved over at Norton. This was sufficient evidence to show that appellant Brady was guilty as an aider of the crime as committed by another. Ind.Code § 35–41–2–2. Cf. *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188.

Appellant was also charged in a separate count with the attempted murder of Deputy Norton. The jury returned a verdict of not guilty on this count. Appellant contends that such verdict is inconsistent with the verdict of guilty of resisting law enforcement, and therefore the latter verdict should not be permitted to stand.

In *Marsh v. State*, (1979) Ind., 393 N.E.2d 757, with regard to the appellate claim of inconsistent verdicts this Court concluded:

> "[T]his Court has looked and will continue to look at verdicts to determine if they are inconsistent. While perfectly logical verdicts should not be demanded, extremely contradictory and irreconcilable verdicts warrant corrective action by this Court." 393 N.E.2d at 761.

The Court will look for a line of reasoning grounded in the proof which could have been adopted by the jury in reaching the two verdicts. The testimony of Deputy Norton was that the shotgun was dis-charged out the window, but that he was not hit. It would therefore be logical to infer that the jury was not convinced to a certainty beyond a reasonable doubt that appellant had the culpability required for the commission of the crime of murder, but at the same time was so convinced that he had the culpability required for the crime of resisting law enforcement. It is conceivable that one can forcibly resist apprehension by a police officer by drawing and using a weapon and at the same time have no purpose in mind to knowingly or intentionally kill. There is therefore no necessary inconsistency between these two verdicts which warrants corrective action.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.