**Rick MOON, Dondra Moon, Defendants–Appellants,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 86A03–9003–CR–78.**

Court of Appeals of Indiana, Third District.

Sept. 26, 1990.

Brent Westerfeld, Indianapolis, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

The Moons were tried by jury and were convicted of unlawful possession of cocaine. The testimony against them came from four persons who had plead guilty to similar offenses and testified to using cocaine with the Moons.

Two questions are presented on appeal. Moons first challenge the sufficiency of the evidence to establish that the substance "snorted" by the parties was cocaine.

■ They acknowledge that lay witnesses may testify to identify drugs based upon the witness' own personal experience. *See, e.g., Pettit v. State* (1972), 258 Ind. 409, 281 N.E.2d 807; *Slettvet v. State* (1972), 258 Ind. 312, 280 N.E.2d 806; *Copeland v.*

*State* (1982), Ind.App., 430 N.E.2d 393. They contend, however, that in the present case the evidence was insufficient because none of the witnesses described the sensations they experienced and other factual data that led them to conclude the white powder they inhaled with the Moons was cocaine. We disagree.

It is well established in Indiana law that the court is invested with broad discretion in determining the admissibility of expert testimony and that includes determining when a sufficient foundation has been laid to permit the expert to voice his opinion. *See, e.g., Wade v. State* (1986), Ind., 490 N.E.2d 1097, 1104.

 In the present case each of the four witnesses testified to frequent and extensive personal use of cocaine. No challenge was made by the defendants to the adequacy of the foundation, no preliminary questions concerning foundation were sought by the defense, and no objection was made when the witnesses were asked for their opinions as to whether the substance involved was cocaine. Each witness responded that the substance in question was cocaine, and one witness added that on one occasion the cocaine used with the Moons was some of the best he had seen on the street for a long time.

In sum, the opinions were properly admitted. Any lack of detail concerning how the witness formed the opinion, therefore, went only to the weight of the evidence. The evidence had probative value and was sufficient to sustain the verdict.

Moons' second challenge addresses the fact that in responding to a question from the state about names she had given to the police, one of the four witnesses already referred to volunteered that as part of her plea agreement she "had to give a clean-up statement and pass a polygraph test."

No motion to strike or request for admonishment was made to this comment. It was an isolated volunteered statement and no other reference to polygraphs was made at the trial. It fell far short of the qualitative value necessary to constitute funda-mental error. *See, e.g., Callahan v. State* (1988), Ind., 527 N.E.2d 1133, 1137. Any error was therefore waived.

Affirmed.

STATON and CONOVER, JJ., concur.