*1000 MATHIAS, J.,
concurring in part and concurring in result.
I concur with the majority that the admission of the marijuana found on Clark during the pat-down search did not constitute fundamental error. I also concur with the majority that Clark failed to preserve for appeal his argument that the trial court erred in admitting into evidence the testimony of the police that the substance found was marijuana. But I write separately because I believe that it is unnecessary to address Clark’s evidentiary argument on the merits.
The majority correctly notes that our supreme court has held that a person sufficiently familiar with an illicit drug may qualify as an expert to offer an opinion regarding whether the substance in question is that drug. Pettit v. State, 258 Ind. 409, 410-11, 281 N.E.2d 807, 808 (1972). I also acknowledge that our supreme court has held that, in the absence of expert testimony based on chemical analysis, the identity of a drug be established by testimony of someone “sufficiently experienced with the drug” that indicates that the substance at issue was an illicit drug. Halsema v. State, 823 N.E.2d 668, 673 n. 1 (Ind.2005).
In the case of certain substances such as marijuana, which our case law shows has a distinct odor and appearance, I do not doubt that the testimony of someone sufficiently experienced with the drug might prove that the substance was marijuana beyond a reasonable doubt. But I am more concerned when it comes to the identity of chemicals and drugs that are not as readily identifiable. Should a lay witness be allowed to qualify as an expert for purposes of testifying that a white, powdery substance is cocaine, or that a small rock-like crystal is crack cocaine? What about the identity of a pill? Even if such testimony is admissible, I am troubled that such testimony can, by itself, establish the identity of the drug beyond a reasonable doubt.
As noted by the majority, however, Clark does not present a claim regarding the sufficiency of the evidence and instead claims only that the trial court erred in the admission of the testimony regarding the identity of the substance found during the pat-down search. But Clark failed to object to Detective Sizemore’s testimony, and therefore failed to preserve this issue for our review. Nor has he established that the admission of this testimony was fundamental error. Therefore, I believe that Clark’s failure to object should be the basis of our holding, and I, given my reservations, would choose to address neither the merits of his evidentiary claim nor the sufficiency of the evidence. Accordingly, I fully concur with the majority with regard to the first issue presented by Clark and I concur in result with regard to the second issue.