*461 OPINION
CRONE, Judge.
Case Summary
Drakkar R. Willis challenges the sufficiency of the evidence supporting his conviction for class A misdemeanor criminal trespass. We affirm.
Facts and Procedural History
The facts most favorable to the trial court’s judgment are that on the night of January 18, 2018, Officer Christopher Clouse of the Indianapolis Metropolitan Police Department was dispatched to the Watkins Family Recreation Center when a security alarm was activated. While driving to the scene, Officer Clouse received an additional report from the alarm company which reported voices and noises inside the Center. Once he arrived at the scene, he spoke to Officer LaRussa, who had chased a suspect eastbound across the street from the Center. Officer LaRussa told Officer Clouse that there was a vehicle parked behind the building with its doors and trunk open. As Officer Clouse arrived at the west side of the building, he did not see anyone exit the building but “observed a black male running westbound from the business” about a hundred yards away. Tr. at 5.[1] Officer Clouse radioed the man’s description to other officers. Officer Michael Faulk noticed a man who matched the description running westbound and apprehended him. Officer Clouse drove to that location and identified Willis as the man he had seen running away from the Center. Officer Clouse entered the Center and noticed that a vending machine had been broken into.
The State charged Willis with class A misdemeanor criminal trespass. At trial, Cheryl Newsom, a park supervisor, testified that no one had permission to be in the Center on the night of the incident. The trial court found Willis guilty as charged.
Discussion and Decision
On appeal, Willis contends that the State failed to present sufficient evidence that he committed criminal trespass. In reviewing a challenge to the sufficiency of the evidence, “we neither reweigh the evidence nor assess witness credibility, and will focus on the evidence most favorable to the [judgment] together with the reasonable inferences that may be drawn therefrom. We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt.” Cooper v. State, 940 N.E.2d 1210, 1213 (Ind.Ct.App.2011) (citation omitted), trans. denied. A conviction may be based on circumstantial evidence and the reasonable inferences that can be drawn from that evidence. Peters v. State, 959 N.E.2d 847, 355 (Ind.Ct.App.2011). Contrary to Willis’s assertion, on appeal, the circumstantial evidence need not overcome every reasonable hypothesis of innocence. Drane v. State, 867 N.E.2d 144, 147 (Ind.2007).
Indiana Code Section 35-43-2-2(a)(4) states that a person who “knowingly or intentionally interferes with the possession or use of the property of another person without the person’s consent” commits class A misdemeanor trespass. Willis notes that no one saw him inside the Center or exiting the Center that night. Although this is true, based on recent Indiana Supreme Court precedent, we must conclude that the minimal circum *462 stantial evidence favorable to the judgment was sufficient for a reasonable factfinder to determine beyond a reasonable doubt that Willis was inside the Center that night.
In Meehan v. State, 1 N.E.3d 255 (Ind.2014), the Indiana Supreme Court affirmed a burglary conviction against the defendant based almost solely on a glove found at a crime scene containing the defendant’s DNA. Our supreme court observed that, “[l]ike a fingerprint, DNA is a marker of identity,” and that “ ‘[a] fingerprint found at the point of entry is accorded substantial weight because of its direct relationship to the element of illegal entry.’ ” Id. at 258 (quoting Mediate v. State, 498 N.E.2d 391, 394 (Ind.1986)). But whereas a fingerprint on a door or a window can conclusively establish that a person was physically present at a crime scene, DNA on a portable object is much less probative of a person’s physical presence at the scene. In fact, the court agreed with Meehan that “ ‘DNA can be transferred to an item very easily,’ thus making it possible that ‘the glove found at the scene could have been left by any person who found, borrowed or stole it from [him],’ ” and that he “ ‘could have very easily transferred his DNA to another person’s glove at some point prior to the burglary by a casual touching.’ ” Id. at 259.
Yet the court affirmed Meehan’s conviction, stating,
Our precedent requires us to look at all the evidence presented in a light most favorable to the verdict. Given the presence of Meehan’s DNA on the glove, Officer Gibbons’s uncontroverted testimony that the glove was discovered only steps from the point of entry of a secured building, Meehan’s lack of authorization to enter [the] building, and Mee-han’s possession of potential burglary tools [i.e., bolt cutters, a pocket knife, a screwdriver, a chisel, and two Allen key sets], we conclude that it was reasonable for the jury to infer that Meehan’s DNA was on the glove because he was wearing it at the time of the burglary. In the process, the jury necessarily rejected alternative explanations for the presence of both Meehan’s DNA and the glove.
Id. Given that approximately seven billion other persons also lacked authorization to enter the building and that the “potential burglary tools” were found in Meehan’s possession while he was standing on a street corner over seven months after the burglary, we must conclude that under Meehan, the quantum of circumstantial evidence needed to affirm a criminal conviction in Indiana is extremely small indeed.
Before Meehan, we would have agreed with our dissenting colleague and reversed Willis’s conviction for insufficient evidence. But “we are bound to follow the precedent of our supreme court.” Smith v. State, 777 N.E.2d 32, 38 n. 2 (Ind.Ct.App.2002), trans. denied (2003). Unlike Meehan, Willis was observed running near the scene of the alleged crime shortly after a security alarm was activated and voices and noises were heard inside the Center. Another man was seen running in the opposite direction. Evidence of flight may be considered as circumstantial evidence of consciousness of guilt. Clark v. State, 6 N.E.3d 992, 999 (Ind.Ct.App.2014).[2] Police also found a vandalized *463 vending machine inside the Center and a vehicle with its doors and trunk open outside the Center. Officers apprehended Willis based on the description of Officer Clouse, who confirmed his identity. Based on the foregoing evidence and our supreme court’s application of the sufficiency standard of review in Meehan, we conclude that a reasonable factfinder could infer that Willis was inside the Center and knowingly or intentionally interfered with the possession or use of its property without the owner’s consent. Willis’s argument to the contrary is merely a request to reweigh the evidence, which we may not do. Therefore, we affirm his criminal trespass conviction.
Affirmed.
BAKER, J., concurs.
BARNES, J., dissents with opinion.

. At trial, the prosecutor repeatedly asked Officer Clouse about the person he saw “running out of the back of the building,” even though the officer never uttered those words. Tr. at 5. On cross-examination, Officer Clouse stated that he "didn’t see [Willis] come from the building.” Id. at 8.

. Contrary to what the dissent suggests, we do not hold that Willis's flight is itself sufficient to support his conviction. Our affir-mance is based on the totality of the circumstantial evidence favorable to the trial court’s judgment, including Willis’s and another fleeing man’s proximity to the building shortly after the Center’s alarm was activated and *463 multiple voices and noises were heard, the presence of a vehicle with open doors and trunk behind the Center, and the vandalized vending machine.