Brian T. CURLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 67A04–0109–CR–392.

Court of Appeals of Indiana.

Oct. 23, 2002.

Teresa D. Harper, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Brian Curley (Curley), appeals his conviction of operating a vehicle while intoxicated, a Class A misdemeanor, Ind.Code § 9–30–5–2.

We affirm.[1]

### ISSUE

Curley raises a single issue on appeal, which we restate as follows: whether the trial court properly granted the State's Motion in Limine, which found that the portable breath tests taken by the passengers in Curley's car were not admissible.

### FACTS AND PROCEDURAL HISTORY

Shortly before midnight on October 14, 1999, Curley, a student at DePauw University in Greencastle, Indiana, met his friends Mary Ann Potts (Potts) and Karen Prisby (Prisby) at a local pub. Along with other friends, they shared a pitcher or two of beer. Curley later estimated that he drank three small plastic cups of beer. When Curley was ready to leave the pub, he asked Potts and Prisby if they wanted a ride back to their sorority house. At about 1:45 a.m. on October 15, 1999, Curley, Potts, and Prisby got into Curley's vehicle and began to drive to Potts' and Prisby's sorority house.

Officer Eric Streeval observed Curley's vehicle run a stop sign and make an illegal left-hand turn. Officer Streeval followed Curley's vehicle and pulled it over. Curley gave Officer Streeval his driver's license, but he could not find his registration. He told the officer that he had consumed three cups of beer. Officer Streeval noticed that Curley's eyes were glassy and bloodshot, and that Curley slurred his speech. He later testified he could smell alcohol in the car. Officer Streeval administered three field sobriety tests. Curley failed two of the tests.

Curley refused to take a chemical breath test, saying that his father had told him not to take any tests if stopped by the police. Officer Streeval read Curley the implied consent law. When Curley again refused to take any more tests, Officer Streeval handcuffed and arrested him. Officer Streeval administered breath tests to Potts and Prisby. Both women passed

---

1. Oral argument was held in this case on September 6, 2002 at Northwood High School in Nappanee, Indiana.

the test and left the scene.[2] Subsequently, on October 15, 1999, the State filed an information charging Curley with operating a motor vehicle while intoxicated.

On February 21, 2000, the State filed a Motion to Exclude Testimony of Defendant's Witnesses or in the Alternative Motion to Depose Defendant's Witnesses at Defendant's Expense. On the same day, the trial court denied the motion to exclude testimony, but found that the State could depose or speak to Curley's witnesses.

On February 23, 2000, the State filed a Motion in Limine requesting that the trial court order Curley, his counsel, or any witness to refrain from mentioning or questioning about, in the presence of the jury, the results of or the actual taking of a portable breathalyzer test due to the fact that the results of such a test have yet to be proven scientifically reliable. On the same day, the trial court granted the State's motion in limine to exclude the results of Potts' and Prisby's portable breath tests. Subsequently, a jury trial was held. The jury returned a verdict of guilty on Count I, operating a motor vehicle while intoxicated. The trial court then imposed a one-year sentence, with all but ten days suspended to probation.

Curley now appeals.

### DISCUSSION AND DECISION

#### I. *Standard of Review*

 The admissibility of evidence is within the sound discretion of the trial court. *Goodson v. State,* 747 N.E.2d 1181, 1183 (Ind.Ct.App.2001). We will only reverse a trial court's decision on the admissibility of evidence upon a showing of an abuse of that discretion. *Johnson v. State,*

722 N.E.2d 382, 383 (Ind.Ct.App.2000). An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Smith v. State,* 751 N.E.2d 280, 281 (Ind.Ct.App. 2001), *trans. denied.*

#### II. *Ind.Code § 9-30-6-5*

 Curley argues that the trial court erred when it excluded the results of the portable breathalyzer tests administered by Officer Streeval at the scene. Specifically, Curley claims that the results of the portable breathalyzer tests were admissible because the tests were administered to his witnesses, Potts and Prisby, and not to him.

I.C. § 9-30-6-5 prohibits the admission of results of chemical tests that involve an analysis of a person's breath unless the test equipment has been approved by the Department of Toxicology. Specifically, I.C. § 9-30-6-5(d) provides:

> Results of chemical tests that involve an analysis of a person's breath are not admissible in a proceeding under this chapter, IC 9-30-5, IC 9-30-9, or IC 9-30-15 if:
>
> (1) the test operator;
>
> (2) the test equipment;
>
> (3) the chemicals used in the test, if any; or
>
> (4) the techniques used in the test;
>
> have not been approved in accordance with the rules adopted under [Ind.Code § 9-30-6-5(a)].

Additionally, machine breath test results are hearsay. *Mullins v. State,* 646 N.E.2d 40, 48 (Ind.1995). Thus, the party moving

---

**2.** Prisby's test showed a blood alcohol level of .05 percent. Potts' test showed a blood alcohol level of .08 percent.

for admission must establish a foundation for admission of such results. *Id.*

A recent decision indicates the statutory restriction on admissibility of breath test evidence applies to the same extent regardless of whether it is offered by the prosecution or by the defense as exculpatory evidence. In *Smith v. State,* 751 N.E.2d 280, 283 (Ind.Ct.App.2001), the defendant Smith sought to admit breath test results showing his blood alcohol level was .09. We noted that as the party offering the test results, Smith bore the burden of laying the foundation for admitting those results into evidence. *Id.* Because Smith offered no evidence to demonstrate that the test device had been approved by the Department of Toxicology, we found the results of that test were inadmissible at trial and were, therefore, properly excluded. *Id.*

In the present case, Curley claims that the statutory language should control only when a *defendant's* conduct is in issue, and should not prohibit the admission of the portable breathalyzer test results of persons other than a defendant. He further maintains that the concerns reflected in I.C. § 9–30–6–5(d) about the reliability of the test are not so great here, where "the test is not being offered to prove an essential element of the offense but rather ... to support the defendant's or a witness' testimony." (Br. of Defendant–Appellant at 8). Conversely, the State asserts that the statutory language "makes no distinctions between applicability for any person." (Br. of the Appellee at 3.) We find that neither the State nor Curley offers authority indicating whether the statute has the effect of making inadmissible the result of a breath test given to a witness rather than a defendant. However, Curley was the party moving for admission of specific evidence. As the party offering the test results, Curley bore the burden of

laying the foundation for admitting the results of the portable breathalyzer tests of Potts and Prisby into evidence. *See Smith,* 751 N.E.2d at 283. Because Curley offered no evidence to demonstrate that the portable breathalyzer tests given to Potts and Prisby had been approved by the Department of Toxicology, we find that the results of these tests were inadmissible at trial. *Id.* Thus, we conclude that the trial court did not err when it excluded the portable breathalyzer test results at Curley's trial.

III. *Relevancy of the Evidence*

Next, Curley contends that the portable breathalyzer tests of Potts and Prisby "would have assisted the jury in determining whether [Curley] was intoxicated" because the point of the breath test results "was not what any person's [blood alcohol content] BAC was but rather [whether Curley's] was less than his two witnesses' [BAC]." (Br. of Defendant–Appellant at 12.) Specifically, he claims that the portable breathalyzer test results of the witnesses who had more to drink than did Curley were relevant because the results would have shown that even though he refused a breath test, he was not intoxicated.

On the other hand, the State maintains that the evidence (*i.e.,* the results of Potts' and Prisby's portable breathalyzer tests) was properly excluded because it was irrelevant to the issue of Curley's intoxication. Evidence is relevant if it has "any tendency to make the existence of any fact that is *of consequence to the determination of the action*" more or less probable than it would be without the evidence. Ind. Evidence Rule 401 (emphasis supplied); *Guadian v. State,* 743 N.E.2d 1251, 1254 (Ind. Ct.App.2001), *trans. denied.*

Here, Curley argues that the evidentiary rules should have been relaxed to allow the admission of the statutorily prohibited

evidence. He cites to recent Indiana decisions that have held certain exculpatory evidence must be admitted when the evidence is essential to meaningful confrontation, even if the evidence otherwise would run afoul of the provisions of certain statutes. For example, I.C. § 35–37–4–4 provides generally that in prosecutions for certain sex crimes, evidence of the victim's past sexual conduct may not be admitted, nor may reference be made to this evidence in the presence of the jury. However, in *Davis v. State,* 749 N.E.2d 552, 555–56 (Ind.Ct.App.2001), *trans. denied,* we held that the exclusion of evidence governed by rape shield statute of child victim's sexual activity, would unfairly bolster the victim's testimony and was exculpatory because it indicated there could have been another source of the acts of molestation.

Curley also argues that the effect of excluding the results of the portable breathalyzer tests of Potts and Prisby violated his right to the compulsory process as he was unable to bring forward evidence that would have been favorable to him. Therefore, Curley claims that his constitutional right to present a defense was abridged. In support of his argument, Curley cites *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), where the Supreme Court indicated hearsay rules should sometimes be relaxed when they prevent the admission of exculpatory evidence. The *Rock* case addressed an evidentiary rule prohibiting the admission of hypnotically refreshed testimony. The Court relied on *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973), where it invalidated a state's hearsay rule on the ground that it abridged the defendant's right to present witnesses in his own defense. There, Chambers had been tried for a murder to which another person had confessed in the presence of acquaintances.

The State's hearsay rule, coupled with a "voucher" rule that did not allow the defendant to cross-examine the confessed murderer directly, prevented Chambers from introducing testimony concerning these confessions, which were critical to his defense. The Supreme Court reversed the conviction, holding that when a state's rule of evidence conflicts with the right to present witnesses, the rule may "not be applied mechanistically to defeat the ends of justice," but must meet the fundamental standards of due process. *Id* at 302, 93 S.Ct. 1038. The state in *Chambers* had not demonstrated that the hearsay testimony in that case, which bore "assurances of trustworthiness" including corroboration by other evidence, would be unreliable; thus, the defendant should have been able to introduce the exculpatory testimony. *Id.*

However, we find that the admission of the results of the portable breathalyzer tests of Potts and Prisby could not prove whether Curley was intoxicated. This evidence is irrelevant because it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See* Evid. R. 401; *Guadian,* 743 N.E.2d at 1254. In the instant case, Curley, his counsel, and any testifying witnesses were prevented from mentioning or questioning about, in the presence of the jury, the results of or the actual taking of the portable breathalyzer test because the results of such a test have yet to be proven scientifically reliable. Curley was not prevented from questioning witnesses, and Potts and Prisby were not prevented from testifying about the night in question. Therefore, the trial court did not abridge Curley's right to present relevant evidence and/or witnesses in his own defense. *See Chambers,* 410 U.S. at 302, 93 S.Ct. 1038.

Furthermore, we note that evidence of poor driving skills, failed field sobriety tests, difficulty with physical dexterity, and the smell of alcohol upon a driver is sufficient to sustain a conviction of operating a motor vehicle while intoxicated. *Mabbitt v. State,* 703 N.E.2d 698, 701 (Ind.Ct.App.1998). The evidence shows that Curley ran a stop sign and made an illegal left turn. He failed two of the three sobriety field tests that Officer Streeval administered. Officer Streeval testified that Curley's speech was slurred and that Curley had glassy and bloodshot eyes. Even if the trial court had admitted the results of the portable breathalyzer tests of Potts and Prisby, this would not have changed the evidence of Curley's intoxication that formed the basis of his conviction. Clearly, the evidence on the record is sufficient to sustain a conviction for operating a vehicle while intoxicated. Accordingly, we find that the trial court properly granted the State's Motion in Limine, which excluded the results of the portable breathalyzer tests administered to Potts and Prisby.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted the State's Motion in Limine.

Affirmed.

BROOK, C.J., and VAIDIK, J., concur.