**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2012, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**C. RICHARD MARTIN**
Martin & Martin
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BRANDI M. HOLDER,                        )
                                         )
    Appellant-Defendant,            )
                                         )
        vs.                  )    No. 87A01-1106-CR-288
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.             )

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-0910-FD-88

**January 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Brandi Holder appeals from her convictions for Class A misdemeanor Paraphernalia Possession[1] and Class A misdemeanor Marijuana Possession.[2] Holder contends that the trial court abused its discretion in admitting evidence seized from her vehicle, admitting the results of testing on an item found in her vehicle, and in instructing the jury on constructive possession. We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 2, 2009, Warrick County Sheriff's Detective Matthew Young worked with a confidential informant ("CI") to arrange a drug deal with Holder. The CI agreed to meet with Holder in the parking lot of a Huck's in Chandler. Holder arrived in a silver Pontiac Grand Am, emerged, and joined the CI in his vehicle. The CI gave Holder $200 in recorded buy money, and Holder told him that she would return with marijuana. Holder left but did not return in the hour that the CI and police waited for her.

Eventually, Warrick County Sheriff's Detective Bryan McKain telephoned Holder and told her to come to the Boonville Police station. When Holder arrived with her mother in her mother's vehicle, Detective Young arrested her. Detective Young asked Holder where her Grand Am was, and Holder replied that it was parked at the residence she shared with her mother. When Detective Young told Boonville Police Officer Jared Whitney to go to the residence and secure the Grand Am, Holder "yelled at her mom to run home and get the car." Tr. p. 83.

---

[1] Ind. Code § 35-48-4-8.3 (2009).

[2] Ind. Code § 35-48-4-11 (2009).

The Grand Am was towed to an impound lot, where it was searched the next day pursuant to a search warrant. The search uncovered, *inter alia*, $20 of the recorded buy money, a grinder that contained raw marijuana residue, and a green, leafy substance that field-tested as marijuana and had the odor of raw marijuana. The substance was later tested at the Indiana State Police Laboratory and confirmed to be 0.31 grams of marijuana. On October 19, 2009, the State charged Holder with Class D felony theft, Class A misdemeanor paraphernalia possession, and Class A misdemeanor marijuana possession.

On February 1, 2011, Holder filed a motion to suppress the evidence seized from her Grand Am. On May 17, 2011, immediately before trial, the trial court held a hearing on the motion to suppress and denied the motion at its conclusion.

At trial, Detective Young testified that he had bagged the grinder and marijuana found in the Grand Am and placed them in the evidence room at the Sheriff's office. A "Property Record and Receipt" indicated that all of the evidence had remained in the evidence room from September 3, 2009, until May 18, 2011, or the second day of trial. Detective Young also testified, however, that he had completed a request for laboratory examination and sent it along with the marijuana to the Indiana State Police. A "Request for Laboratory Examination" admitted into evidence indicated that the sample had been received on April 14, 2010. Warrick County Sheriff's Detective Paul Kruse testified that he had personally delivered the marijuana to the Indiana State Police Laboratory and that it was never out of his possession from the time he removed it from the evidence room until the delivery. Detective

3

Young testified that according to the procedure at the time, the "Property Record and Receipt" would not have reflected that the marijuana had been sent out for testing.

Holder made no objections at trial to any evidence on the basis that it was seized during an unconstitutional search but objected to the admission of the State Police test results on chain-of-custody grounds. Holder also tendered a proposed final jury instruction regarding constructive possession, which instruction the trial court refused to deliver. After the jury found Holder guilty of paraphernalia possession and marijuana possession, the trial court sentenced her to one year of incarceration for each, with both sentences to be served concurrently and suspended to probation.

## DISCUSSION AND DECISION

### Standard of Review for Issues I and II

The admissibility of evidence is within the sound discretion of the trial court. *Curley v. State*, 777 N.E.2d 58, 60 (Ind. Ct. App. 2002), *trans denied*. We will reverse a trial court's decision on the admissibility of evidence only upon a showing of an abuse of that discretion. *Id*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. The Court of Appeals may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005), *trans. denied*. We do not reweigh the evidence, and consider the evidence most favorable to the trial court's ruling. *Hirsey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*.

4

## I. Whether the Trial Court Abused its Discretion in Admitting Evidence Seized from Holder's Vehicle

Holder contends on appeal that the seizure of evidence from her vehicle violated her Indiana and federal constitutional rights against unreasonable search and seizure and pursued a pretrial motion to suppress on those grounds. Holder, however, did not object to the evidence at trial on these grounds and so has failed to preserve the issue for appellate review. "A contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, whether or not the appellant has filed a pretrial motion to suppress." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (citing *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind.2000) ("The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal.")).

## II. Whether the Trial Court Abused its Discretion in Admitting Test Results of the Marijuana

Holder contends that the Indiana State Police Laboratory tests results showing the green, leafy substance found in her Grand Am to be marijuana should not have been admitted due to a failure to show an adequate chain of custody. Holder, however, did not object to earlier testimony that the material was field-tested and determined to be marijuana and had the odor of raw marijuana, sufficient evidence to sustain a finding that it was, in fact, marijuana. At most, then, the State Police test results, even if inadmissible, were merely cumulative of other evidence, and any error that might have been committed can only be considered harmless. "In Indiana, it is well settled that the introduction of otherwise

5

inadmissible evidence that is merely cumulative is not prejudicial error." *King v. State*, 460

N.E.2d 947, 950 (Ind. 1984).

### III. Whether the Trial Court Abused its Discretion in Instructing the Jury

Instructing the jury lies solely within the discretion of the trial court, and we will

reverse only upon an abuse of that discretion." *Schmid v. State*, 804 N.E.2d 174, 182 (Ind.

Ct. App. 2004), *trans. denied*. A defendant is entitled to have the jury instructed correctly on

an essential rule of law. *McCarthy v. State*, 751 N.E.2d 753, 755 (Ind. Ct. App. 2001), *trans.*

*denied*. "Generally, we will reverse a trial court for failure to give a tendered instruction if:

1) the instruction is a correct statement of the law; 2) it is supported by the evidence; 3) it

does not repeat material adequately covered by other instructions; and 4) the substantial

rights of the tendering party would be prejudiced by failure to give it." *Creager v. State*, 737

N.E.2d 771, 776 (Ind. Ct. App. 2000). Jury instructions are to be considered as a whole, and

we will not find that the trial court abused its discretion unless we determine that the

instructions taken as a whole misstate the law or otherwise mislead the jury. *Schmid*, 804

N.E.2d at 182.

Holder tendered the following proposed final instruction, which the trial court refused

to deliver:

> Constructive possession of an item is the intent and capability to maintain
> dominion and control over the item. Proof of a possessory interest in the
> vehicle where the item is found might be adequate to show the capability to
> maintain control over the item. However, when possession of the vehicle is
> not exclusive, the inference of intent must be supported by additional
> circumstances that point to the Accused's knowledge of the nature of the item
> and its presence. Mere presence where an item is located or association with

[the] person who possesses the item is not alone sufficient to support a finding of constructive possession.

Appellant's Br. p. 10.

The trial court instructed the jury on constructive possession as follows:

The word "possess" means to own or exert control over. The word possession can take several different, but related meanings. There are two kinds of possession–actual possession and constructive possession. A person who knowingly has direct physical control of a thing at a given time, is then in actual possession of it. A person who, although not in actual possession knowingly has both the power and the intention at a given time to exercise control over a thing either directly or through another person or persons, is then in construction–constructive possession of it.

Tr. pp. 227-28.

Holder contends that the trial court abused its discretion in refusing to deliver her tendered instruction, presumably because it contained more detailed language indicating that the State is required to produce evidence of additional circumstances that point to the defendant's knowledge of the nature of the item and its presence to support a finding of constructive possession. While Holder's tendered instruction does not seem to be an incorrect statement of the law, we nonetheless cannot conclude that refusing to give it was an abuse of discretion.

First, the trial court did instruct the jury that a person not in actual possession of an object must be shown to have the "power and the intention at a given time to exercise control over [the] thing either directly or through another person or persons[.]" Tr. p. 228. Implicit in this language is the concept that the power and intent to exercise control will need to be shown by additional evidence, which is what Holder's tendered instruction provides in a

slightly more explicit fashion.  Second, Holder does not claim, much less establish, that the trial court's failure to deliver her tendered instruction prejudiced her substantial rights.  As previously mentioned, we will not reverse for instructional error unless there has been a showing that a defendant's substantial rights were prejudiced thereby.  *See Creager*, 737 N.E.2d at 776.  Holder has not established that the trial court abused its discretion in instructing the jury.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.