**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**JENNIFER E. McKIBBEN**
**SARAH E. RESER**
Glaser & Ebbs
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**PATRICK J. MURPHY**
State Farm Litigation Counsel
Indianapolis, Indiana

FILED

Dec 05 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KAMARI HOGUE, A MINOR, BY AND THROUGH HIS PARENT AND NEXT FRIEND, TRENT HOGUE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1204-CT-192 |
| | ) | |
| ROBERT CRITZ, JR., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

---

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-1006-CT-259

---

December 5, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On May 27, 2009, a car driven by Robert Critz, Jr., struck a bicycle being ridden by Kamari Hogue as Critz attempted to pass. Hogue was knocked down and suffered a broken ankle. Hogue sued Critz for negligence, and a jury ruled in Critz's favor. At trial, Hogue requested that the trial court take judicial notice of two Indiana statutes that touched on the duties of vehicle operators, a request the trial court refused. Hogue also sought to ask a police officer questions touching on the importance of audible warnings and the harm that can result when a driver fails to warn others of his intentions, a line of questioning the trial court did not allow. Concluding that, in both instances, any error the trial court may have committed could only be considered harmless, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 27, 2009, Appellant-Plaintiff Hogue and Appellee-Defendant Critz were both eastbound on Tillman Road in Allen County, Hogue on his bicycle and, behind, Critz in his car. Tillman Road is a two-lane road, and at the time, the roadway was dry, it was light out, and Critz was not exceeding the posted speed limit. As Critz approached Hogue, Hogue was riding in the middle of the right-hand lane. Critz tapped his brakes to disengage the cruise control on his car, signaled, and changed to the left-hand, or westbound, lane in order to pass Hogue.

As Critz approached from behind, Hogue heard Critz's engine getting louder and at first contemplated riding onto the right shoulder to allow Critz to pass. Instead, Hogue "panicked … and hurried up and got over to the left-hand … lane to try to avoid [Critz]." Tr. p. 56. Hogue did not signal his intention to move to the left-hand lane and did not look

behind him until already in the left-hand lane. When Critz saw Hogue move to the left-hand lane, he applied his brakes "very roughly[,]" causing "a pretty good screech sound[.]" Tr. p. 21. At that point, Hogue looked back for the first time. Although both Critz and Hogue attempted to avoid a collision, Critz's car struck the back of Hogue's bicycle, causing Hogue to fall over and break his ankle.

On June 22, 2010, Hogue sued Critz for negligence. Before presenting evidence, Hogue requested that the trial court take judicial notice of Indiana Code sections 9-21-5-1 and 9-21-8-37 and publish them to the jury. Indiana Code section 9-21-5-1 provides that

> A person may not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. Speed shall be restricted as necessary to avoid colliding with a person, vehicle, or other conveyance on, near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care.

Indiana Code section 9-21-8-37 provides that

> Notwithstanding other provisions of this article or a local ordinance, a person who drives a vehicle shall do the following:
> (1) Exercise due care to avoid colliding with a pedestrian or a person propelling a human powered vehicle, giving an audible signal when necessary.
> (2) Exercise proper caution upon observing a child or an obviously confused, incapacitated, or intoxicated person.

The trial court did not take judicial notice of the Code sections in question.

During Hogue's case-in-chief, he called Fort Wayne Police Officer Kerry Haywood, who investigated the collision. At one point, Hogue's trial counsel apparently handed a copy of Indiana Code section 9-21-5-1 to Officer Haywood and asked him if he was familiar with

3

it. The trial court sustained Critz's objection on relevance grounds. Hogue's counsel then asked Officer Haywood what could happen if persons violated laws and what his general understanding was "of why there are laws set out for motor vehicles on the roadway[.]" Tr. p. 10. The trial court sustained Critz's argument that answers to the questions lacked proper foundation because Officer Haywood had not been qualified as an expert.

During final instructions, the trial court read the texts of both Indiana Code sections and instructed the jury that if it found that the driver of a vehicle violated either section without excuse, it must find that person at fault. During final arguments, Hogue's trial counsel specifically referred to Indiana Code sections 9-21-5-1 and 9-21-8-37 in arguing that Critz was negligent in failing to sound his horn and slow down sufficiently as he approached Hogue from behind. After deliberations, the jury found that Critz had not been at fault in the collision with Hogue and decided in Critz's favor.

## DISCUSSION AND DECISION

### I. Whether the Trial Court Abused its Discretion in Refusing to Take Judicial Notice of Indiana Code Sections 9-21-5-1 and 9-21-8-37

Hogue contends that the trial court erred in refusing to take judicial notice of Indiana Code sections 9-21-5-1 and 9-21-8-37 and publish them to the jury. Indiana Rule of evidence 201(b) provides, in relevant part, that "[a] court may take judicial notice of law [which] includes … the decisional, constitutional, and public statutory law[.]" Under the circumstances of this case, we cannot conclude that the trial court committed any error. As previously mentioned, the trial court read Indiana Code sections 9-21-5-1 and 9-21-8-37

4

verbatim during final instructions, essentially publishing them to the jury, just as Hogue had requested.

## II. Whether the Trial Court Abused its Discretion in Disallowing Some of Officer Heywood's Testimony

The admissibility of evidence is within the sound discretion of the trial court. *Curley v. State*, 777 N.E.2d 58, 60 (Ind. Ct. App. 2002), *trans. denied*. We will reverse a trial court's decision on the admissibility of evidence only upon a showing of an abuse of that discretion. *Id*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. The Court of Appeals may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005), *trans. denied*. We do not reweigh the evidence, and we consider the evidence most favorable to the trial court's ruling. *Hirsey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*.

As previously mentioned, Hogue's counsel sought to elicit testimony from Officer Haywood regarding what could happen if persons violated laws and what his general understanding was "of why there are laws set out for motor vehicles on the roadway[.]" Tr. p. 10. Given the nature of the evidence presented, we conclude that any error the trial court might have made in refusing to allow Officer Haywood to testify regarding these matters can only be considered harmless. "An error is deemed harmless if it has not prejudiced the substantial rights of the defendant." *Boyd v. State*, 650 N.E.2d 745, 748 (Ind. Ct. App. 1995),

5

*trans. denied.*

Hogue admitted on the stand that he was aware of Critz's approach and that he panicked, swerving into the left-hand lane of Tillman Road and into Critz's path, without giving any signal or looking behind. Hogue's central argument at trial was that Critz was negligent for failing to sound his horn, thereby signaling his "intentions" to Hogue. Appellant's Br. 10. We fail to see, however, and Hogue does not explain, how Critz sounding his horn would have signaled his specific intention to pass on the left. Had Critz sounded his horn, he only would have alerted Hogue to his presence, and Hogue admitted on the stand that he heard Critz's car approaching. Given Hogue's admission on the stand that he panicked and swerved into Critz's path despite being aware of his presence, any error the trial court may have made in that regard was harmless.

We affirm the judgment of the trial court.

NAJAM, J., and FRIEDLANDER, J., concur.