## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2015, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jerrick Matthews,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 13, 2015

Court of Appeals Case No.
49A02-1408-CR-541

Appeal from the Marion Superior Court
The Honorable Lisa Borges, Judge
Case No. 49G04-1309-MR-62921

**Bradford, Judge.**

# Case Summary

[1] On the afternoon of August 30, 2013, Appellant-Defendant Jerrick Matthews, a/k/a "JayJay," visited with his friend Ashley Diggs at her apartment in the

Arlington Green Apartments in Indianapolis. Later, Diggs was outside talking to neighbor Linda White and Matthews. Henderson arrived and walked onto the porch of building 2130. Matthews approached, holding a gun. Matthews and Henderson argued. As Henderson turned and began to walk away, Matthews shot him four times in the back, killing him.

[2] Appellee-Plaintiff the State of Indiana ("the State") charged Matthews with murder. At trial, the trial court admitted a picture of Matthews taken at the Arlington Green Apartments a few weeks before the shooting. The State also offered into evidence, without objection, evidence that a handgun unrelated to Henderson's murder was found in the car Matthews was in when he was arrested. A jury found Matthews guilty as charged and the trial court sentenced him to sixty years of incarceration. Matthews contends that the trial court abused its discretion in admitting the photograph of Matthews posted on Berry's Facebook page and the admission of evidence that he possessed a handgun at the time of his arrest amounts to fundamental error. We affirm.

## Facts and Procedural History

[3] On the afternoon of August 30, 2013, Diggs was visited in her apartment at the Arlington Green Apartments in Indianapolis by Matthews, who complained of "Dre" "talking s***" about him. Tr. p. 318. Later, Diggs went outside to talk to White and found White "talking and smoking" with Matthews. Tr. p. 322. At around 7:00 p.m., Henderson appeared, and he and Matthews exchanged words. Matthews, holding a gun, approached Henderson as Henderson stood

on the porch in front of building 2130. The two exchanged words, and Henderson said, "what you holding your gun for, if you're going to shoot then shoot[.]" Tr. p. 330. As Henderson walked away, Matthews shot him four times in the back, killing him.

[4] White summoned her niece Berry from her apartment in Arlington Green and Berry attempted to administer CPR to Henderson. Berry considered Matthews to be a friend and had posted a picture of Matthews captioned "JayJay" which showed Matthews gesturing with his middle finger extended and Arlington Green building 2132 in the background on her Facebook page on August 10, 2013. Henderson's girlfriend eventually learned that police were investigating a person named "JayJay" in connection with Henderson's death, found the photograph on Berry's Facebook page, and provided it to police. The photograph allowed police to learn Matthews's identity and prepare a photo array, from which White and Diggs identified Matthews as the shooter. On September 18, 2013, Rush County Sheriff's Deputy Matthew Hedrick stopped a car in which Matthews was a passenger. Deputy Hedrick searched the interior of the car and found a loaded handgun inside the passenger-side door panel. The handgun was later determined not to be the handgun that had been used to kill Henderson.

[5] On September 23, 2013, the State charged Matthews with Murder, a felony, and sought a sentence enhancement by virtue of Matthews's use of a firearm. On June 16-18, 2014, jury trial was held. The trial court admitted the photograph of Matthews over objection. Evidence related to the handgun

found in Rush County was admitted without objection. After trial, the jury found Matthews guilty of murder, and the State dismissed the firearm enhancement. On July 11, 2014, the trial court sentenced Matthews to sixty years of incarceration.

# Discussion and Decision

## I. Whether the Trial Court Abused its Discretion in Admitting Evidence

[6] Matthews contends that the trial court abused its discretion in admitting the photograph of him standing in Arlington Green Apartments. In general, the admissibility of evidence is within the sound discretion of the trial court. *Curley v. State*, 777 N.E.2d 58, 60 (Ind. Ct. App. 2002), *trans. denied*. We will reverse a trial court's decision on the admissibility of evidence only upon a showing of an abuse of that discretion. *Id*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. The Court of Appeals may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005), *trans. denied*. We do not reweigh the evidence, and consider the evidence most favorable to the trial court's ruling. *Hirsey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*. "Errors in the admission of evidence are to be disregarded as harmless unless they affect the substantial rights of the

defendant." *Goudy v. State*, 689 N.E.2d 686, 694 (Ind. 1997). "[A]n error in the admission of evidence is harmless if the erroneously admitted evidence is cumulative of other evidence appropriately admitted." *Collins v. State*, 826 N.E.2d 671, 679 (Ind. Ct. App. 2005), *trans. denied*.

[7] Matthews contends that whatever probative value the picture might have had was substantially outweighed by the prejudice caused by the image of Matthews "flipping off" the photographer. Indiana Evidence Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Matthews contends that the image bolstered the idea that he was an angry person with the implication that he was angry enough to kill, and this prejudice substantially outweighed any probative value the picture might have had. We disagree.

[8] The picture had probative value, as it corroborated testimony that Matthews spent time in Arlington Green around the time of Henderson's murder and was known to at least some of the residents. Moreover, we agree with the State that the picture is essentially innocuous. In the picture, although Matthews is gesturing with his middle finger extended, we agree with the State's characterization and detect no signs of anger. Matthews is clearly smiling and, although some might find the obscene gesture to be offensive, it was directed at his friend Berry and seems much more playful than angry. We conclude that

Matthews has failed to establish that the trial court abused its discretion in this regard.

## II. Fundamental Error

[9]     Matthews also contends that evidence regarding the handgun found in the car in Rush County was erroneously admitted, but acknowledges that he did not make any objection to this evidence at trial. As such, Matthews must establish that fundamental error occurred.

> A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. *See, e.g.*, *Trice v. State*, 766 N.E.2d 1180, 1182 (Ind. 2002); *Hayworth v. State*, 904 N.E.2d 684, 694 (Ind. Ct. App. 2009). The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009). This exception is available only in "egregious circumstances." *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003).

*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010).

> A "finding of fundamental error essentially means that the trial judge erred … by not acting when he or she should have," even without being spurred to action by a timely objection. *Whiting v. State,* 969 N.E.2d 24, 34 (Ind. 2012). An error blatant enough to require a judge to take action *sua sponte* is necessarily blatant enough to draw any competent attorney's objection. But the

reverse is also true: if the judge could recognize a viable reason why an effective attorney might not object, the error is not blatant enough to constitute fundamental error.

*Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014).

[10] We do not see any relevance of the handgun in this case because it was not tied to the crime being tried. In addition, the admission of the handgun did carry some risk of prejudice to Matthews. With that being said, the harm or potential for harm presented by the admission of the handgun does not rise to the level of fundamental error. Diggs and White, whose stories were entirely consistent, both testified that they saw Matthews shoot Henderson in the back following an argument. Moreover, the State did not even mention the handgun in its final argument, so the risk of prejudice was further diminished. In light of the relative strength of the State's evidence and the fact that it did not rely on the handgun evidence to any great extent, the erroneous admission of the handgun did not render a fair trial impossible or deny Matthews fundamental due process. Matthews has failed to establish that fundamental error occurred.

[11] We affirm the judgment of the trial court.

Vaidik, C.J., and Kirsch, J., concur.