## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 12 2015, 8:41 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nathan Robinson,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

November 12, 2015

Court of Appeals Case No.
49A02-1504-CR-217

Appeal from the Marion Superior Court

The Honorable Barbara C. Crawford, Judge

Trial Court Cause No. 49F09-1405-FD-22785

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant Nathan Robinson kicked in the door of the house occupied by Marty Nealy, who was alone at the time. Robinson pointed a

firearm at Marty and asked where Sebastian Jones (Marty's great-nephew) was. Robinson looked in Jones's bedroom for him and then left. The State charged Robinson with Class D felony residential entry, Class A misdemeanor pointing a firearm, Class A misdemeanor carrying a firearm without a license, and Class B misdemeanor criminal mischief. A jury found Robinson guilty as charged, and the trial court entered judgment of conviction for all four counts. The trial court imposed sentences for all four convictions, with Robinson receiving a one-year aggregate sentence with 355 days suspended to probation. Robinson contends that the trial court abused its discretion in declining to admit evidence regarding Marty's mental health and that his convictions for residential entry and criminal mischief violate prohibitions against double jeopardy. We affirm in part and remand with instructions to vacate Robinson's conviction for criminal mischief.

# Facts and Procedural History

[2] In April of 2013, brothers Mark and Marty Nealy lived in an Indianapolis home with two of their great-nephews, one of whom is Sebastian Jones. On the afternoon of April 15, 2013, Robinson came to visit Jones; the duo smoked marijuana in Jones's bedroom before going outside to meet one of Jones's friends in order to purchase more marijuana. According to Robinson, he ended up in the friend's truck as the friend grabbed Robinson's money and attempted to drive off. At some point, either Jones or the friend struck Robinson on the

head and pushed him out of the truck. Robinson received three staples for a cut over his left ear.

[3] Later that evening, Marty was home alone when he heard someone banging on the door. As Marty ran downstairs, Robinson kicked in the front door. Robinson pointed a firearm at Marty and demanded to know where Jones was. Marty told Robinson that Jones was not home, but Robinson went to Jones's bedroom anyway. Robinson left after being unable to find Jones.

[4] On May 7, 2014, the State charged Robinson with Class D felony residential entry, Class A misdemeanor pointing a firearm, Class A misdemeanor carrying a firearm without a license, and Class B misdemeanor criminal mischief. At trial on February 4, 2015, Robinson sought to introduce evidence from Mark and Marty about Marty's mental health. In an offer of proof, Robinson elicited testimony from Mark that Mark believed Marty had been diagnosed with schizophrenia in his twenties but did not know how such a diagnosis would have been made. Mark testified that his parents told him that they committed Marty after his divorce and suspected he was a schizophrenic but that the diagnosis was "not a confirmed thing[.]" Tr. p. 61. The trial court ruled the proffered evidence inadmissible.

[5] Defendant also made an offer of proof of Marty's testimony regarding his alleged mental health issues. Marty denied that he had ever been diagnosed with a mental illness or taken medicine for one. Marty admitted that he had been committed around the age of forty, but said that his "dad pulled that stuff

on me." Tr. pp. 99-100. When asked if he sometimes heard voices that were not there, Marty answered, "No. I mean, I hear (inaudible) thinking, pushing, you know, stuff in me, whatever you want to call it" and "It's, you know, pushing all the stuff in your mind." Tr. p. 101. The trial court reiterated its earlier ruling on the evidence.

[6] A jury convicted Robinson as charged. On March 19, 2015, the trial court sentenced Robinson to one year each for residential entry, pointing a firearm, and carrying a handgun without a license and 180 days for criminal mischief. The trial court ordered that all four sentences were to be served concurrently and suspended 355 days to probation.

# Discussion and Decision

## I. Admission of Evidence

[7] Robinson contends that the trial court abused its discretion in refusing to allow him to present evidence regarding Marty's alleged mental illness. We will only reverse a trial court's decision on the admissibility of evidence upon a showing of an abuse of that discretion. *Curley v. State*, 777 N.E.2d 58, 60 (Ind. Ct. App. 2002). An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. The Court of Appeals may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005). We do not reweigh the evidence and

consider the evidence most favorable to the trial court's ruling. *Hirsey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006).

[8]    We conclude that the trial court did not abuse its discretion by declining to admit the evidence in question. The trial court, who makes all findings of facts relevant to admissibility of evidence pursuant to Indiana Evidence Rule 104(a), heard conflicting and vague evidence regarding whether Marty had ever been diagnosed with schizophrenia, or any other mental illness, with Mark testifying that his parents told him Marty had been and Marty denying it. While Marty did concede that he had been committed at one point, he indicated that his father "pulled" it on him, implying that it was not warranted. Tr. p. 100. The trial court was in the best position to evaluate this conflicting evidence.

[9]    Moreover, Robinson failed to establish that evidence of Marty's alleged mental illness, even assuming that it is true, was relevant. It is true that "[t]he credibility of a witness may be attacked by showing a defect of capacity in the witness to observe, remember or recount the matters testified about." *Lusher v. State*, 390 N.E.2d 702, 704 (Ind. Ct. App. 1979). However, information about a witness's mental state is relevant only when it is shown to impact the ability to recall or perceive the events in question or relate them at trial. *See, e.g.*, *Williams v. State*, 681 N.E.2d 195, 199 (Ind. 1997) (trial court did not abuse its discretion in refusing to admit testimony about witness's prior drug use when there was no evidence of drug use at trial or at the time of the events related). Here, to the extent that Marty suffered from mental illness that may have affected his ability to recall events in general, there was no evidence presented that he was

experiencing such symptoms on April 15, 2013, or at trial. We conclude that the trial court did not abuse its discretion in refusing to allow Robinson to present evidence of Marty's alleged mental illness.

## II. Whether Two of Robinson's Convictions Violate Prohibitions Against Double Jeopardy

[10] Article I, Section 14 of the Indiana Constitution provides, in part, that "[n]o person shall be put in jeopardy twice for the same offense." In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), the Indiana Supreme Court held "that two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to … the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id*. at 49-50. Robinson contends that his convictions for residential entry and criminal mischief were supported by the same actual evidence (*i.e.*, evidence of him kicking in the door), necessitating the vacation of his conviction for criminal mischief. Because the State concedes that this is so, we need not address this argument further.

[11] The judgment of the trial court is affirmed in part and reversed in part, and we remand with instructions to vacate Robinson's conviction of and sentence for Class B misdemeanor criminal mischief.

May, J., and Crone, J., concur.