## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2017, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Walter Small,<br>*Appellant-Defendant,*<br><br>*v.*<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 29, 2017<br><br>Court of Appeals Case No. 79A02-1706-CR-1215<br><br>Appeal from the Tippecanoe Superior Court<br><br>The Honorable Randy J. Williams, Judge<br><br>Trial Court Cause No. 79D01-1602-F1-3 |

**Bradford, Judge.**

# Case Summary

[1] In July of 2015, Appellant-Defendant Walter Small, who was thirty-eight years old at the time, encountered the then-twelve-year-old S.B. in a park. At some point, Small pulled S.B. into a bathroom stall, where he partially undressed her and had sexual intercourse with her as she struggled. The State charged Small with Level 1 felony child molesting and a jury found him guilty as charged. The trial court sentenced Small to thirty-six years of incarceration. Small contends that the trial court abused its discretion in admitting certain evidence and in sentencing him and that his sentence in inappropriately harsh. Because we conclude that any error the trial court might have made in admitting evidence was harmless and that Small's sentence challenges are without merit, we affirm.

# Facts and Procedural History

[2] On the afternoon of July 20, 2015, twelve-year-old S.B. met a friend at Columbian Park in Lafayette. While S.B. was at the park she encountered Small, who had lived with her family for a time and was a cousin to her mother's ex-husband. Small and S.B. had been communicating frequently via Facebook over the previous few days. S.B. saw Small at a water fountain near a bathroom, and Small entered a bathroom. While S.B. was near the bathroom door, Small pulled her into the stall located inside the bathroom by the front of her shirt. Small pulled down S.B.'s pants and underwear, pulled down his own pants, and sat on the toilet. Small placed S.B. on top of him and inserted his

penis into S.B.'s vagina while S.B. struggled to escape. After Small finished and S.B. got off of his lap, S.B. stated that "white stuff was coming down my leg and I wiped it up with tissue and I put it in the toilet[.]" Tr. Vol. II p. 109. S.B. stayed in the bathroom for ten to fifteen minutes after Small left until a male friend came in the bathroom and asked S.B. what had happened. S.B. told her friend what had happened, and park security along with local law enforcement were notified. When arrested, Small gave officers a false name and two false dates of birth.

[3] At an interview with Lafayette Police Detective Michael Humphrey later that day, Small denied any touching at all between himself and S.B. multiple times. S.B. was examined by a sexual assault nurse and the results of that examination revealed that vaginal penetration had occurred and that S.B.'s vagina was lacerated and tender. Small's DNA was found on the inside of S.B.'s thighs and S.B.'s underwear, from external genital swabs of S.B.'s vagina, and from a vaginal wash of S.B.'s vagina. Seminal material from the vaginal wash also contained Small's DNA. S.B.'s DNA was also found on Small's penis. When Small was interviewed a second time approximately six months later and asked about the results of the DNA tests, Small said that S.B. had forced herself on him.

[4] On February 10, 2016, the State charged Small with Level 1 felony child molesting. Detective Humphrey testified that in his experience, it was common for defendants to give a different explanation of events after being confronted with test results that showed the incriminating presence of their DNA. Small

was convicted as charged on March 22, 2017, and proceeded to a sentencing hearing on May 8, 2017. The trial court acknowledged Small's employment as a mitigating factor and found Small's criminal history, the young age of the victim, and Small's abuse of a position of trust to be aggravating. The trial court sentenced Small to thirty-six years of incarceration.

# Discussion and Decision

## I. Admission of Detective Humphrey's Testimony

[5] Small contends that the trial court abused its discretion in allowing Detective Humphrey to testify that defendants often changed their stories when confronted with incriminating DNA evidence. In general, the admissibility of evidence is within the sound discretion of the trial court. *Curley v. State*, 777 N.E.2d 58, 60 (Ind. Ct. App. 2002), *trans. denied*. We will reverse a trial court's decision on the admissibility of evidence only upon a showing of an abuse of that discretion. *Id*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. We may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005), *trans. denied*. We do not reweigh the evidence, and consider the evidence most favorable to the trial court's ruling. *Hirsey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*.

While we strain to find any relevance of Detective Humphrey's testimony, and clearly see the potential for unfair prejudice, any error the trial court might have committed can only be considered harmless. "Errors in the admission of evidence are to be disregarded as harmless unless they affect the substantial rights of the defendant." *Goudy v. State*, 689 N.E.2d 686, 694 (Ind. 1997). "If the State presents evidence of guilt that is overwhelming and independent of the challenged evidence, the error is harmless and reversal is not warranted." *Hughley v. State*, 737 N.E.2d 420, 424 (Ind. Ct. App. 2000), *trans. denied*. At trial, the only issue truly in dispute was whether Small and S.B. had sexual intercourse.[1] The evidence that Small had sexual intercourse with S.B. is, to say the least, overwhelming. In addition to S.B.'s testimony, Small's DNA was found on both of S.B.'s thighs, her underwear, and on the exterior of her vagina. A vaginal wash and seminal material collected in the wash also tested positive for Small's DNA. Finally, a penile swab of Small tested positive for S.B.'s DNA, all but fatally undercutting his argument at trial that the presence of Small's DNA in S.B.'s vaginal wash did not necessarily mean that they had sexual intercourse. Any error the trial court may have committed in admitting Detective Humphrey's testimony was harmless.

---

[1] "A person who, with a child under fourteen (14) years of age, knowingly or intentionally performs or submits to sexual intercourse … commits child molesting, … a Level 1 felony if … it is committed by a person at least twenty-one (21) years of age[.]" Ind. Code § 35-42-4-3(a).

# II.  Sentence

## A.  Abuse of Discretion

[7] The trial court imposed an enhanced sentence of thirty-six years of incarceration, which is six years more than the advisory sentence for a Level 1 felony.[2]  At sentencing, the trial court identified the following aggravating circumstances:

> The aggravating factors, there is a criminal history.  I recognize that it's nowhere near what we often see in here in terms of that history.  The victim was twelve years old.  And I had written down that the defendant was in a position of trust, having acknowledged like an uncle.

Tr. Vol. II p. 212.  Small contends that the trial court abused its discretion in finding S.B.'s age to be an aggravating circumstance.[3]

[8] Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence."  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008).  We review the sentence for an abuse of discretion.  *Id*.  An abuse of discretion occurs if "the

---

[2]  Indiana Code section 35-50-2-4(b) provides that a person who commits a Level 1 felony shall be imprisoned for a fixed term of between twenty and forty years with the advisory sentence being thirty years.

[3]  Small also contends that the trial court found his continued profession of innocence to be an aggravating circumstance.  The record does not support this contention.  Although the trial court discussed Small's right to have a jury trial, saying, "I don't hold that against you in any way[,]" Tr. Vol. II p. 211, it did not identify Small's continued professions of innocence to be aggravating in either its statements on the record at sentencing or in its sentencing order.

decision is clearly against the logic and effect of the facts and circumstances."
*Id.*

[9]     A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id.* There is no requirement that a trial court generate a list of aggravating and mitigating circumstances, only that it state reasonably detailed reasons. *Id.* at 490. A single aggravating factor can support enhanced sentences. *See Willey v. State*, 712, N.E.2d 434, 446 (Ind. 1999) (stating that a single aggravating circumstance may be sufficient to support an enhanced sentence). Although material elements of the crime may not be considered as aggravating factors at sentencing, the particularized circumstances of the elements properly may be considered as such. *See, e.g., McElroy v. State*, 865 N.E.2d 584, 598-99 (Ind. 2007); *Scott v. State*, 840 N.E.2d 376, 382 (Ind. Ct. App. 2006).

[10] As for S.B.'s age, Small argues that the trial court improperly identified it as aggravating because it is a material element of Level 1 felony child molesting, namely, that the victim be less than fourteen years old. Even if we assume that the trial court abused its discretion in this regard, Small does not challenge the trial court's identification of his criminal record and abuse of a position of trust as aggravating. While Small's criminal record is not terribly serious (a felony conviction for dealing in cocaine and misdemeanor convictions for marijuana possession and operating without a license), the abuse of his position as a person S.B. thought of as an uncle fully supports Small's enhanced sentence. Even if we assume that the trial court abused its discretion in this regard, we are confident that it would have imposed the same sentence in any event. *See Anglemyer*, 868 N.E.2d at 491.

## B. Appropriateness

[11] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the

severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[12] The nature of Small's offense justifies an enhanced sentence. The record indicates that in the days before the incident in Columbian Park, Small and S.B. exchanged dozens of Facebook messages, including one where S.B. indicated to Small, "I love you but you're a pain in the butt[,]" to which Small responded that he wished to meet her at a convenience store near Columbian Park. Tr. Vol. II 54. Small exploited his previous relationship with S.B. to build trust and affection, only to force S.B. into a bathroom stall where he had intercourse with her as she struggled. Small's betrayal of S.B.'s trust justifies his enhanced sentence.

[13] Small's continuous efforts to lie reflect poorly on his character, beginning with his name and date of birth and continuing with his ever-changing stories regarding the crime—that he never touched S.B., that S.B. forced herself on him, and that he was framed by a twelve-year-old girl. Small's poor character is also revealed by his criminal record, consisting of a felony conviction for dealing in cocaine and misdemeanor convictions for marijuana possession and operating without a license. Given the nature of Small's offense and his

character, he has failed to establish that his thirty-six-year sentence for Level 1 felony child molesting is inappropriately harsh.

[14] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.